## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,                           Criminal No. 17-107(21) (DWF/TNL)

       Plaintiff,

v.                                                                                  **ORDER**

Tanakron Patrath, a/k/a Toom,

       Defendant.

## INTRODUCTION

This matter is before the Court on Defendant's motion for the Court to reconsider Defendant's detention, including his pretrial release conditions so that he might be released from the Sherburne County Jail pending his sentencing hearing. (Doc. No. 855.) Specifically, Defendant requests that he be allowed to return to Houston, Texas, until his sentencing hearing, for the reasons set forth in his motion. The United States of America ("the Government") opposes Defendant's motion pursuant to 18 U.S.C. §§ 3143 and 3145, asserting that there is no new information or change in circumstances or other "exceptional" reasons justifying release that were not considered at the time of his detention hearing on June 22, 2017, or at the time of his entry of his guilty plea on April 16, 2018. (Doc. No. 862.) The Government also asserts that no evidentiary or other hearing is necessary in this matter.

## BACKGROUND

On May 24, 2017, Defendant was arrested in Houston, Texas, during a nationwide takedown of an international sex trafficking and money laundering organization. At that time, Defendant was charged with conspiracy to commit sex trafficking (Count 1); conspiracy to commit transportation to engage in prostitution (Count 3); conspiracy to engage in money laundering (Count 4); and conspiracy to use a communication facility to promote prostitution (Count 5) in *United States v. Michael Morris, et al.*, 17-cr-107 (DWF/TNL).

At the time of arrest, the Pretrial Service Report from the Southern District of Texas and the Pretrial Service Report from the District of Minnesota recommended detention based on Defendant's risk of non-appearance and the danger Defendant's release would pose to the community.

On June 20, 2017, Defendant had an initial appearance in the District of Minnesota before Magistrate Judge David T. Schultz where he was ordered temporarily detained. (Doc. No. 166.)

On June 22, 2017, a detention hearing was held. (Doc. No. 227.) At that hearing, based on the rebuttal presumption; the nature of the offenses charged; Defendant's lack of family, residential, and community ties in the Districts of Minnesota and Southern Texas; Defendant's unverified employment; Defendant's use of aliases and a fraudulent social security number; and Defendant's ties to a foreign country, the Government argued for detention based on risk of nonappearance and risk to community safety. Defendant's

response at that time, consistent with the motion before this Court to be released pursuant to a bond, represented that he had been a taxi driver for 19 years in Houston, that his DWI charge had been dismissed, that he attended Temple every Sunday, and he was involved in several temples in and around Houston, Texas.

Magistrate Judge Katherine M. Menendez, at that time, concluded that there was no condition or combination of conditions of release that would reasonably assure that Defendant would appear at future court proceedings. Magistrate Judge Menendez also stated that there is a likelihood of flight because even with Defendant's significant time in the United States, he nonetheless had important ties to Thailand. (Doc. No. 219.)

On April 16, 2018, Defendant entered a plea of guilty to Count 4, which charged Defendant, as noted above, with conspiracy to engage in money laundering. Defendant admitted to being involved in laundering more than $2 million in cash earned from commercial sex acts. (Doc. No. 775.) The charge before the Court carries a statutory maximum sentence of up to 20 years with an advisory imprisonment range of 168 to 210 months in prison.

As accurately observed by both counsel, at the change of plea hearing, Defendant requested that he be released on bond. At that time, he argued to this Court that he was needed to assist his temple in Houston, which had been damaged by flooding. The Court denied Defendant's request for conditional release, pending sentencing, finding: "[E]ven without the INS detainer, that there is no condition or combination of conditions which exist that would ensure the defendant's appearance at future court proceedings in this

matter. For these reasons, the Court will respectfully deny the defendant's request for pretrial release, with or without strict conditions." (Doc. No. 777.)

Before the Court, at this time, Defendant is asserting that Watpa Buddhayan (Thai Buddhist Temple) needs his voluntary contributions and assistance to funerals and festivals.

## DISCUSSION

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3142, the Court considered the following factors in assessing the continued detention of Defendant:

(1) the nature and circumstances of the offense charged, including whether the offense involves . . . a minor victim;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

   (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

   (B) whether, at the time of the current offense or arrest, the person was on probation . . . .

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Pretrial detention may be ordered either upon a clear and convincing showing that release would result in a danger to the community or upon a showing by a preponderance of the

evidence that the release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Pursuant to 18 U.S.C. § 3143, and based upon all of the facts and circumstances before this Court, including the entire record, which the Court has reviewed, the Court continues to conclude that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant in future court proceedings in this matter. For these reasons, the Court will respectfully deny Defendant's request for reconsideration of its decision denying pretrial release, with or without strict conditions.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Tanakron Patrath's a/k/a Toom Motion for Review of Pretrial Release Conditions (Doc. No. [855]) is respectfully **DENIED**. Defendant's request for a hearing on this matter is therefore **DENIED AS MOOT**, given the Court's decision.

Dated: September 19, 2018          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge

evidence that the release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Pursuant to 18 U.S.C. § 3143, and based upon all of the facts and circumstances before this Court, including the entire record, which the Court has reviewed, the Court continues to conclude that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant in future court proceedings in this matter. For these reasons, the Court will respectfully deny Defendant's request for reconsideration of its decision denying pretrial release, with or without strict conditions.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

## ORDER

1. Defendant Tanakron Patrath's a/k/a Toom Motion for Review of Pretrial Release Conditions (Doc. No. [855]) is respectfully **DENIED**. Defendant's request for a hearing on this matter is therefore **DENIED AS MOOT**, given the Court's decision.

Dated: September 19, 2018          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge