# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                    Criminal No. 17-107(21) (DWF/TNL)

            Plaintiff,

v.                                                                    **MEMORANDUM**
                                                                        **AND ORDER**

Tanakron Patrath,

            Defendant.

This matter is before the Court on Defendant Tanakron Patrath's Amended

Emergency Motion [for] Compassionate Release to Reduce Sentence Pursuant to

18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. No. 1949.)[1]  For the reasons discussed below, the

Court respectfully denies Patrath's motion.

---

[1]     This document was docketed twice, once as a motion for compassionate release
and once as a motion for appointment of counsel.  (Doc. Nos. 1949, 1955.)  "[T]here is
no general right to counsel in post-conviction habeas proceedings for criminal
defendants."  *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999); *Pollard v.
Delo*, 28 F.3d 887, 888 (8th Cir. 1994).  The Court respectfully denies Patrath's motion to
the extent it seeks appointment of counsel pursuant to 18 U.S.C. § 3006A.

     Patrath also filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or
Correct Sentence by a Person in Federal Custody, (Doc. No. 1986), and several related
motions, (Doc. Nos. 1991, 2007.)  The Government was given an extension to
November 9, 2020 to respond to Patrath's Section 2255 Motion, (Doc. No. 2010), but
failed to respond by the Court-ordered deadline and has not responded whatsoever to
Patrath's Section 2255 Motion or Patrath's related motions to date.  The Court plans to
address Patrath's Section 2255 Motion and related motions in a separate order.

## BACKGROUND

Patrath pled guilty on April 16, 2018 to Conspiracy to Engage in Money Laundering in violation of 18 U.S.C. § 1956(h).  (Doc. Nos. 773, 775.)  As Patrath agreed in his plea agreement, he "was part of a large-scale international sex trafficking organization that conspired, between at least 2009 and 2017, to make money by arranging for Thai women . . . to travel from Thailand to the United States, to engage in numerous commercial sex acts."  (Doc. No. 775 at 2.)  Patrath worked with the organization as a "facilitator and money launderer" in Houston, Texas.  (*Id.* at 3.)  Patrath transported victims between the airport and houses of prostitution in Houston.  (*Id.*)  He was paid in cash and offered discounted rates to engage in commercial sex acts with the trafficked women.  (*Id.*)  Patrath knew the persons he transported were paying overwhelming bondage debts to the organization and were moved to other houses of prostitution approximately every two weeks.  (*Id.*)  Patrath used his U.S.-based bank accounts to funnel and launder more than $2,000,000 from the houses of prostitution to Thailand.  (*Id.* at 5; Doc. No. 1288 at 22.)  Patrath was sentenced on December 5, 2019 to 168 months' imprisonment and a term of 2 years' supervised release.  (Doc. Nos. 1571, 1593.)  The sentence also included restitution of $2,055,860.  (Doc. Nos. 1571, 1593.)

Patrath is presently incarcerated at North Lake CI in Baldwin, Michigan with an expected release date of April 28, 2029.  Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc/* (last visited Dec. 10, 2020).  North Lake CI reports 6 COVID-19 cases among inmates and 0 among staff.  Federal Bureau of Prisons,

COVID-19:  Coronavirus, *https://www.bop.gov/coronavirus/* (last visited Dec. 10, 2020). But because North Lake CI is a private prison contractor, the COVID-19 statistics normally available to the Court such as testing results and past infections are unavailable. *See generally id.*

Patrath moves for compassionate release on the grounds that he suffers from hypertension/high blood pressure and high cholesterol/hypercholesterolemia and is 62 years old.  (Doc. Nos. 1949, 1955, 2031, 2042.)  The Government opposes.  (Doc. No. 2029.)  The U.S. Probation Office has investigated and approved Patrath's proposed living arrangement should he be released, but notes that Patrath is not a U.S. citizen and is subject to an Immigration and Customs Enforcement detainer.  (Doc. No. 1976.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons."  18 U.S.C. § 3582(c)(1)(A)(i).  Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories.  U.S.S.G. § 1B1.13, cmt. n.1(a)(ii).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent they are applicable."  18 U.S.C. § 3582(c)(1)(A).

Patrath is 62 years old and suffers from hypertension and high cholesterol. Persons with hypertension might be at increased risk for severe illness should they contract the COVID-19 virus. Centers for Disease Control and Prevention, Coronavirus Disease: People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 10, 2020). High cholesterol is not listed as a risk factor in relation to COVID-19. *Id.* Patrath's age places him at some increased risk from COVID-19. Centers for Disease Control and Prevention, Coronavirus Disease: Older Adults, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html (last accessed Dec. 10, 2020). While Patrath has some elevated risk to the COVID-19 virus due to his hypertension and age, the Court concludes these ailments do not diminish his ability to provide self-care in the prison context. As such, Patrath has not shown an extraordinary and compelling reason to justify a reduction in sentence.

Even if Patrath's medical condition were an extraordinary and compelling reason warranting a reduction in sentence, the Court would find the general sentencing factors in § 3553(a) preclude a reduction in sentence. Patrath was convicted as part of a long-running international sex trafficking organization. Patrath assisted in the laundering of over $2 million dollars gained from the sex work of trafficked persons. Patrath received discounted rates to engage in commercial sex acts with the trafficked persons, persons he personally transported between airports and houses of prostitution. Patrath has served very little of his sentence to date and is not due to be released until April 2029. A

reduction in sentence would not comport with the gravity of Patrath's crimes.

Accordingly, the § 3553(a) factors weigh towards denying Patrath's motion.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tanakron Patrath's Amended Emergency Motion [for] Compassionate Release to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), (Doc. Nos. [1949], [1955]), is respectfully **DENIED**.


Dated:  December 16, 2020          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge