UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(21) (DWF/TLN) |
| Plaintiff, | |
| v. | ORDER |
| Tanakron Patrath, | |
| Defendant. | |

The Court is in receipt of Defendant's self-styled motion for the Court to direct the Government to file a motion to reduce his sentence pursuant to Fed. R. Crim. P. 35(b). (Doc. No. 2058 ("Motion").) The United States of America (the "Government") opposes Defendant's Motion. (Doc. No. 2080 ("Govt. Opp.").)

In May 2017, Defendant was charged by superseding indictment with conspiracy to commit sex trafficking, conspiracy to commit money laundering, and related crimes. (*See* Doc. No. 16.) Defendant was arrested on May 24, 2017 and has been incarcerated since that time. (Doc. No. 1288.) In January and February 2018, Defendant proffered with the government. (Doc. No. 2081, Exs. 2-3 (collectively "Proffers").) Prior to meeting with the Government, Defendant signed a "proffer letter" which outlined the rules of his Proffers. (*See id*., Ex. 1 ("Proffer Letter"). The Proffer Letter expressly stated that participation in the proffer interview did not entitle Defendant to a sentencing reduction:

> Your client also understands and agrees that this debriefing agreement does not obligate the U.S. Attorney's Office for the District of Minnesota to

enter into any future plea bargain with your client or to file any motion regarding cooperation provided by your client. Your client understands and agrees that the decision as to whether he has provided substantial assistance to law enforcement authorities is within the sole discretion of the U.S. Attorney's Office for the District of Minnesota and that your client will not seek a departure from any applicable sentencing guidelines based upon substantial assistance to law enforcement without the consent of the U.S. Attorney's Office for the District of Minnesota.

(*Id.* ¶ 5.)

The Government asserts that the Proffers were not successful because Defendant made false statements to law enforcement officers and minimized his own involvement in the criminal activity.[1]  (Govt. Opp. at 2; *see also* Proffers.)

On April 16, 2019, Defendant pleaded guilty to conspiracy to engage in money laundering pursuant to a written plea agreement. (*See* Doc. Nos. 773, 775 ("Plea Agr't").) The Plea Agr't did not include a cooperation agreement with the Government. (*See* Plea Agr't.). On December 5, 2019, this Court sentenced Defendant to 168 months' imprisonment to be followed by a 2-year term of supervised release.[2]  (Doc. Nos. 1571, 1593.)

Defendant now asks the Court to direct the Government to file a Rule 35 motion to reduce his sentence based on what asserts was "extensive substantial assistance." (Motion at 1.) He asserts that the Government did not comply with its promise to reduce

---

[1]   Defendant later made a series of false statements to the Court. (*See* Doc. Nos. 1268, 1269.)

[2]   Defendant's guidelines range was 235-240 months. (*See* Doc. NO. 1709 at 13-14.)

his sentence after "respond[ing] to all questions." (*Id.* at 2.)  He also asserts that he was wrongfully sentenced for two Counts in the superseding indictment despite pleading guilty to just one. (*Id.*)

Rule 35(b) authorizes a district court to reduce a defendant's sentence to reward him for his substantial assistance only "[u]pon the government's motion." Fed. R. Crim. P. 35(b).  While the government has the power to file such a motion, it does not have a duty to do so. *Wade v. United States*, 504 U.S. 181, 185 (1992).  The decision rests entirely in the prosecutor's discretion, subject only to constitutional limitations.  (*Id.*)

A district court may review the government's refusal to make a substantial assistance motion only if such refusal (1) was prompted by an unconstitutional motive, such as the defendant's race or religion; or (2) was not rationally related to a legitimate government interest.  *United States v. Perez*, 526 F.3d 1135, 1138 (8th Cir. 2008).  A defendant must make a substantial threshold showing of one of the permitted reasons before a court may act.  *United States v. Marks*, 244 F.3d 971, 975 (8th Cir. 2001). "This threshold showing requires more than the presentation of evidence of substantial assistance and general allegations of improper motive because we presume a prosecutor has properly discharged her duties absent clear evidence to the contrary."  *Perez*, 536 F.3d at 1138.

Even construing Defendant's Motion liberally, the Court finds that Defendant fails to show, or even allege, unconstitutional motive or bad faith.  The closest he comes is to assert that the Government broke an alleged promise to file a Rule 35 motion.  Beyond

his bare assertion, Defendant offers no support for his allegation. Even if Defendant did make a threshold showing of bad faith, the Court finds that his Motion would still fail because the record refutes any allegation that the Government's refusal to move for a substantial assistance sentence reduction "was not rationally related to any legitimate Government end" when he did not tell the truth and minimized his own involvement in his offense conduct. *Marks*, 244 F.3d at 975.

The Court understands that Defendant feels he was unfairly sentenced after providing what he considered substantial assistance. As a threshold matter, the Court observes that Defendant was sentenced for only the count to which he pleaded guilty to. (*See* Doc. Nos. 1571, 1593, 1709.) The Court further notes that prior to his Proffers, Defendant signed an agreement acknowledging that a decision regarding whether he provided substantial assistance was solely within the discretion of the prosecutor and that any information he provided did not obligate the Government to file any motion on his behalf. (*See* Proffer Letter.) Here, the Government determined that Defendant's Proffers were unsuccessful because he was not truthful and because he minimized his involvement in the criminal activity. This decision was entirely within its discretion. Even if it were proper for the Court to intervene, the Court would decline to do so. Accordingly, Defendant's Motion is respectfully denied.

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise dully advised in the premises, **IT IS HEREBY ORDERED** that

5

Defendant Tanakron Patrath's self-styled motion for the Court to direct the Government to file a motion to reduce his sentence pursuant to Fed. R. Crim. P. 35(b) (Doc. No. [2058]) is respectfully **DENIED**.

Dated:   March 29, 20201                           s/Donovan W. Frank
                                                                  DONOVAN W. FRANK
                                                                  United States District Judge