UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(21) (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Tanakron Patrath, | |
| Defendant. | |

**INTRODUCTION**

This matter is before the Court on Defendant Tanakron Patrath's ("Defendant") *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. No. 1986). The government opposes the motion. For the reasons set forth below, the Court respectfully denies the motion.

**BACKGROUND**

In May 2017, Defendant was charged by superseding indictment with conspiracy to commit sex trafficking, conspiracy to commit money laundering, and related crimes. (See Doc. No. 16.) Defendant was arrested on May 24, 2017 and has been incarcerated since that time. (Doc. No. 1288.)

On April 16, 2019, Defendant pleaded guilty to conspiracy to commit money laundering. (Doc. Nos. 773, 775 ("Plea Agr't ¶ 1").) Defendant was responsible for transporting sex trafficking victims to houses of prostitution and laundering at least $2,055,860 for the conspiracy. (*Id*. ¶ 2.) As part of the plea agreement, Defendant

waived his right to appeal his sentence and to petition under 28 U.S.C. § 2255 to vacate his sentence with the exception of an appeal or collateral attack based on a claim of ineffective assistance of counsel:

> The defendant understands that 18 U.S.C. § 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal. In addition, the defendant expressly waives the right to petition under 28 U.S.C. § 2255. However, the waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

(*Id.* ¶ 12.)

During the Court proceedings, including the change of plea hearing, Defendant was assisted by an interpreter. (Doc. No. 891.) Defendant represented to the Court that he had enough time to discuss the plea agreement with his attorney before entering his plea. (Doc. No. 891 at 3.) Defendant also indicated that he was satisfied with his attorney's representation. (*Id.*) In addition, Defendant represented that no one forced or threatened him to sign the plea agreement. (*Id.* at 4.) The Court reviewed the written plea agreement with Defendant, provision by provision, and invited Defendant to ask questions or to take a break to speak with his attorney at any point during the hearing. (*Id.* at 4-22.) With respect to each provision, Defendant indicated that he understood the plea agreement and that he intended to be bound by its terms, including the waivers of appeal and collateral attack. (*Id.*)

The Court emphasized that, under paragraph 6, the parties had not agreed to advocate for a particular sentence or range of sentences, and that Defendant would not be able to seek to withdraw his plea based on the sentence ultimately imposed. (*Id*. at 14-16.) Defendant indicated that he understood. Defendant also indicated that he understood that he was giving up certain constitutional rights by entering the plea agreement. (*Id*. at 23-27.)

The Court confirmed with Defendant that he was part of a large-scale international sex trafficking organization that transported Thai women into the United States where victims were forced to perform numerous commercial sex acts to pay off bondage debts. (*Id*. at 28-32.) Defendant agreed to the facts as stipulated in the factual basis of the plea agreement and admitted to conspiracy to commit money laundering. (*Id*. at 28-39.)[1]

The Court found that Defendant knowingly and voluntarily entered his guilty plea. (*Id*. at 39.) The Court found that Defendant clearly admitted and acknowledged a proper and adequate factual basis for the plea. (*Id*.) The Court accepted Defendant's plea of guilty. (*Id*.)

On May 19, 2019, Defendant submitted a letter to the Court, attaching a letter he sent to his attorney on May 18, 2019. (Doc. No. 1268 at 3-5.) In the letter, Defendant made several statements that contradicted statements made under-oath at the plea hearing. For example, Defendant claimed that he did not know he was committing money

---

[1] Defendant disagreed with the government as to the specific amount of money that he moved, stating that some of the more than $2 million that was laundered were his personal accounts. (*Id*. at 39.)

3

laundering, had no knowledge that the women involved were engaging in prostitution, and that he was never part of a conspiracy. (*Id*.) Defendant made additional statements suggesting that his attorney and the Court implied at the plea hearing not to worry about the guidelines number. (*Id*. at 4.)

On July 31, 2019, the Court held a hearing. (Doc. No. 1258.) At the hearing, Defendant repeated several of the statements that he made in his letter. (*Id*.) Defendant requested a new attorney. (*Id*.) On August 9, 2019, the Court issued an order denying Defendant's request for a new attorney. (Doc. No. 1269.) In the Order, the Court noted that the record "completely contradicts" Defendant's statements and concluded that defense counsel had "zealously and effectively represented the Defendant." (*Id*. at 2.)

On December 5, 2019, this Court sentenced Defendant to 168 months' imprisonment to be followed by a 2-year term of supervised release. (Doc. Nos. 1571, 1593.) In doing so, the Court varied downward from a guideline range of 235-293 months, adjusted to 235-240 months by operation of the statutory maximum sentence. (Doc. No. 1709 at 13-14.) Before the sentencing hearing, both parties filed sentencing position papers. (Doc. Nos. 1239, 1486.) The government sought a below-guidelines sentence of 180 months. (Doc. No. 1486.) The government noted aggravating facts (the length of time of participation in the conspiracy, Defendant's substantial role, that Defendant engaged in sexual acts with the victims, Defendant' actions after the guilty plea), and the fact that Defendant twice proffered with the government, but due to Defendant's minimizing, the government declined to allow his cooperation. (*Id*.) The defense sought downward departures from the guidelines, noting Defendant's age,

4

community involvement and support, lack of criminal history, and various difficulties Defendant has experienced. (Doc. No. 1239.) In support, defense filed letters and additional materials on Defendant's behalf. (Doc. Nos. 1240, 1452, 1453, 1468 and 1488.)

Despite waiving his right to appeal, Defendant appealed the substantive reasonableness of his sentence. The Eighth Circuit Court of Appeals dismissed Defendant's appeal. (Doc. No. 1927.)

## DISCUSSION

Defendant now moves for post-conviction relief on three grounds: ineffective assistance of counsel; allegations of a "language barrier"; and because the government allegedly reneged on the plea agreement.

Title 28, United States Code, Section 2255, provides that a prisoner "may move the court which imposed the sentence to vacate, set aside, or correct the sentence." In making such a motion, a § 2255 action requires a prisoner to show that he or she is entitled to such extraordinary relief because:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . .

28 U.S.C. § 2255(a). If the court finds such a defect in sentencing, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A § 2255 request for relief "is reserved for transgressions of constitutional rights and for a

narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

Every criminal defendant has a constitutional right, guaranteed by the Sixth and Fourteenth Amendments, to effective counsel at trial and sentencing. *Strickland v. Washington*, 466 U.S. 668, 706 (1984); *Wooten v. Norris*, 578 F.3d 767, 781 (8th Cir. 2009). The Eighth Circuit follows the two-part *Strickland* test for reviewing claims of ineffective counsel; to succeed in his claim, Defendant must show that his attorney's performance was unreasonably deficient, and that Defendant "suffered such prejudice from the deficient performance there is a reasonable probability the result would have been different." *Roundtree v. United States*, 751 F.3d 923, 925 (8th Cir. 2014). To prevail on a claim for ineffective assistance of counsel under § 2255, a defendant must overcome a "heavy burden." *Apfel*, 97 F.3d at 1076.

Careful review of the record before this Court shows that the facts do not support Defendant's claims of ineffective assistance. Defendant claims that his attorney was ineffective because he promised that Defendant would not receive a sentence longer than three years, did not file letters on his behalf during sentencing, and because Defendant did not have enough time with counsel before entering his guilty plea. As a threshold matter, the Court notes that the Court already considered and rejected Defendant's argument that his attorney promised a shorter sentence. In fact, after considering similar arguments, the Court previously concluded that defense counsel had "zealously and effectively represented the Defendant." (Doc. No. 1269 at 2.) Nothing has changed and

Defendant's arguments remain unfounded. In addition, Defendant's additional claims of ineffective assistance lack merit. Defendant asserts that his counsel did not file letters on his behalf at sentencing and that he did not have enough time with his attorney before pleading guilty. The record demonstrates that neither of these assertions is true. Defense filed letters and other materials on Defendant's behalf. (Doc. Nos. 1240, 1452, 1453, 1468, and 1488.) In addition, when asked by the Court whether he had enough time with his attorney and if he was satisfied with his attorney's services and representations, Defendant answered "Yes. Very true, sir." (Doc. No. 891 at 3.)

Defendant also moves for post-conviction relief on the grounds that there was a "language barrier" and that the interpreters were deficient and because the government violated a promise that he would receive a three-year sentence. Both of these grounds fall within the Section 2255 waiver. Because Defendant entered into the plea agreement (and the related waivers) knowingly and voluntarily, that waiver is properly enforced. For this reason alone, these claims should be dismissed. In addition, the Court notes that the claims are entirely contradicted by the record.

Based on the record before the Court, there is no reason for the Court to further explore any credibility issues with respect to Defendant's claims. A § 2255 motion can be dismissed without a hearing when: (1) defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court concludes that no evidentiary hearing is required in this case.

Finally, an appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B)(2006); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). The Court has considered whether the issuance of a COA is appropriate. In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citing *Lozado v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam)). Defendant has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a COA. 28 U.S.C. § 2253(c)(2).

## ORDER

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire procedural history and record in this matter, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Defendant Tanakron Patrath's *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct (Doc. No. [1986]) is respectfully **DENIED**.

2. No evidentiary hearing is required in this matter.

3. No Certificate of Appealability will be issued to Defendant.

4. This matter is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: April 5, 2021                    s/Donovan W. Frank
                                       DONOVAN W. FRANK
                                       United States District Judge