UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 17-107(21) (DWF/TNL) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER |
| Tanakron Patrath, | |
| Defendant. | |

### INTRODUCTION

This matter is before the Court on Defendant Tanakron Patrath's *pro se* motion to reduce sentence. (Doc. No. 2277.) The United States of America (the "Government") opposes Patrath's motion. (Doc. No. 2287.) For the reasons discussed below, the Court respectfully denies Patrath's motion.

### BACKGROUND

In 2018, Patrath pled guilty to conspiracy to engage in money laundering in violation of 18 U.S.C. § 1956(h). (Doc. Nos. 773, 775.) As Patrath agreed in his plea agreement, he "was part of a large-scale international sex trafficking organization that conspired, between at least 2009 and 2017, to make money by arranging for Thai women . . . to travel from Thailand to the United States, to engage in numerous commercial sex acts." (Doc. No. 775 at 2.) Patrath was sentenced to 168 months in prison and a term of 2 years of supervised release. (Doc. Nos. 1571, 1593.) The sentence also included restitution of $2,055,860. (*Id.*)

Patrath is currently incarcerated at the Fort Dix Federal Correctional Institution. Federal Bureau of Prisons, Inmate Locator, *https://www.bop.gov/inmateloc* (last visited Apr. 12, 2023). Currently, Fort Dix reports zero COVID-19 cases among inmates and zero among staff. Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus* (last visited Apr. 12, 2023).

In August 2020, Patrath moved for compassionate release on the grounds that he suffers from hypertension/high blood pressure and high cholesterol/hypercholesterolemia. (Doc. Nos. 1949, 1955, 2031, 2042.) While the Court noted that, at the time, Patrath had "some elevated risk to the COVID-19 virus due to his hypertension and age," the Court concluded that Patrath was able to provide self-care in the prison context and thus did not show an extraordinary and compelling reason to justify a reduction in sentence. (Doc. No. 2043 at 4.) The Court further concluded that the sentencing factors precluded a reduction in sentence, given the seriousness of Patrath's crimes.

Patrath again moves for compassionate release on largely the same grounds as before. The Government opposes the motion.

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such "extraordinary and compelling reasons" include (1) medical conditions which diminish the ability of the defendant to provide self-care in prison and from which he or she is not expected to recover, (2) age-related deterioration, (3) family circumstances, and (4) other extraordinary and compelling reasons that exist

either separately or in combination with the previously described categories. U.S.S.G. § 1B1.13 ("Sent'g Comm'n Pol'y Statement" or "Statement"), cmt. n.1(a)(ii).

If "extraordinary and compelling reasons" exist, a reduction of sentence is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement." U.S.S.G. § 1B1.13. The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

Notwithstanding, a defendant may move for a sentence reduction only after complying with an exhaustion requirement. 18 U.S.C. § 3582(c)(1)(A). Specifically, a defendant may move for a sentence reduction "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." *Id.* The record reflects that Patrath requested compassionate release from the warden and did not get a response within 30 days. (Doc. No. 2277 at 1.) Accordingly, the Court finds Patrath's motion ripe for review.

Patrath is 64 years old and suffers from hypertension. As the Court noted in its prior order, persons with hypertension might be at an increased risk for severe illness should they contract the COVID-19 virus. (Doc. No. 2043 at 4.) Despite Patrath's

elevated risk, COVID-19 appears to be under control at Fort Dix. There are currently no reported cases of COVID-19 at Fort Dix among inmates or staff. And the prison is currently operating at Level 1, meaning that "minimal modifications" are in place. *See* Federal Bureau of Prisons, COVID-19: Coronavirus, *https://www.bop.gov/coronavirus* (last visited Apr. 10, 2023). Moreover, Patrath has failed to explain how his hypertension has diminished his ability to provide self-care within the prison context. In sum, Patrath has not shown an extraordinary and compelling reason to justify a reduction in sentence.

Patrath also argues that the BOP has falsified its COVID-19 data and continues to mistreat its prisoners. Patrath specifically argues that the lack of programming, visitation, education, and recreation at Fort Dix "has basically become cruel and unusual punishment." (Doc. No. 2292 at 1.) Those arguments, however, do not support compassionate release. *See United States v. Catano-Morales*, No. 18-cr-242 (ADM/TNL), 2022 WL 3647878, at *2 (D. Minn. Aug. 24, 2022) (noting that prison conditions "affect all inmates and are not a particularized reason for [a defendant's] release"). As the Government notes, Patrath may instead seek relief through a civil suit, if he wishes to challenge the conditions of his confinement.

The Court further concludes that the general sentencing factors in § 3553(a) preclude a reduction in sentence. Patrath was convicted as part of a long-running international sex trafficking organization. Patrath assisted in laundering over $2 million dollars gained from the sex work of trafficked persons, and Patrath received discounted rates to engage in commercial sex acts with trafficked persons. In addition, Patrath personally transported trafficked persons between airports and houses of prostitution.

Patrath is not due to be released from prison until April 2029. A reduction in sentence would not comport with the gravity of Patrath's crimes. Accordingly, the sentencing factors weigh heavily against Patrath's motion.

## CONCLUSION

Based upon the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Tanakron Patrath's motion to reduce sentence (Doc. No. [2277]) is respectfully **DENIED**.

Dated: April 21, 2023　　　　　　　　　　s/Donovan W. Frank
　　　　　　　　　　　　　　　　　　　　DONOVAN W. FRANK
　　　　　　　　　　　　　　　　　　　　United States District Judge