UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Tanakron Patrath,<br><br>　　　　　Defendant. | Criminal No. 17-107(21) (DWF/TNL)<br><br><br>MEMORANDUM<br>OPINION AND ORDER |

## INTRODUCTION

This matter is before the Court on Defendant Tanakron Patrath's *pro se* motion for compassionate release and to appoint counsel. (Doc. No. 2481.) The United States of America (the "Government") opposes the motion. (Doc. No. 2489.) For the reasons set forth below, the Court denies the motion.

## BACKGROUND

Patrath pleaded guilty to conspiracy to engage in money laundering on April 16, 2018. (Doc. Nos. 773, 775.) On December 5, 2019, the Court sentenced Patrath to a 168-month prison term to be followed by a two-year term of supervised release. (Doc. No. 1593.) Patrath is currently incarcerated at FCI Fort Dix with an anticipated release date of April 28, 2028. *Find an Inmate.*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Sep. 22, 2025).

Patrath moved for compassionate release once before based on his health conditions and the COVID-19 pandemic. (Doc. No. 1949.) The Court denied that

motion on December 16, 2020.  (Doc. No. 2043.)  Patrath now moves for compassionate release based on a new medical condition:  osteoarthritis.  (Doc. No. 2481.)

## DISCUSSION

The First Step Act allows the Court to reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).  These reasons include:  (1) medical circumstances; (2) age-related deterioration; (3) family circumstances; (4) physical or sexual abuse while in custody; (5) other extraordinary and compelling reasons that exist either separately or in combination with the previously described categories; and (6) an unusually long sentence.  U.S.S.G. § 1B1.13(b).

If "extraordinary and compelling reasons" exist, a sentencing reduction is appropriate when "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and "the reduction is consistent with [the Sentencing Commission's] policy statement."  *Id.* § 1B1.13(a).  The Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that they are applicable."  18 U.S.C. § 3582(c)(1)(A).  As the movant, the defendant bears the burden to establish that they are eligible for compassionate release.  *United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022).

A defendant may move for a sentencing reduction only after complying with an exhaustion requirement.  18 U.S.C. § 3582(c)(1)(A).  Specifically, a defendant may move for a sentencing reduction only "after (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the

2

defendant's behalf or (2) the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* As a mandatory claim-processing rule, this requirement "must be enforced so long as the opposing party properly raises it." *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). If a defendant fails to meet the exhaustion requirement and the Government properly raises the exhaustion issue, the Court must dismiss the motion without prejudice. *Id.*

Patrath asserts that he submitted a request for compassionate release to his warden on April 16, 2025, and never received a decision. (Doc. No. 2481 at 3.) The Government contests this, stating that it reached out to the BOP to locate the request but that it was unsuccessful. (Doc. No. 2489 at 6.) Without evidence of the request, the Court cannot move forward. *See United States v. McCurry*, No. 13-cr-93, 2025 WL 887500, at *2 (D. Minn. Mar. 21, 2025). Accordingly, the Court must dismiss Patrath's motion because it lacks authority to consider his request.

Patrath may file again after he exhausts his administrative remedies or provides a copy of the request he alleges to have sent on April 16th. However, the Court notes that even if he had properly exhausted his administrative remedies, the Court would not grant compassionate release based on the current filings. Although the Court sympathizes with Patrath's struggles with arthritis, he has not shown that this condition substantially diminishes his ability to provide self-care or that he is not being provided with adequate care while in prison. *See* U.S.S.G. § 1B1.13(b)(1)(B)-(C).

Within his motion, Patrath also requests that the Court appoint counsel. (Doc. No. 2481 at 2.) There is no constitutional or statutory right to counsel in postconviction

3

proceedings seeking a sentence reduction. *See Garza v. Idaho*, 586 U.S. 232, 245-46 (2019); *United States v. Meeks*, 971 F.3d 830, 833-34 (8th Cir. 2020). Whether to appoint counsel is left to the discretion of the Court. *See United States v. Harris*, 568 F.3d 666, 669 (8th Cir. 2009). Patrath has not demonstrated that appointing counsel is warranted at this juncture, so the Court denies his request.

## ORDER

Based upon the foregoing and the record in this case, **IT IS HEREBY ORDERED** that:

1. Defendant Tanakron Patrath's *pro se* motion for compassionate release (Doc. No. [2481]) is **DISMISSED WITHOUT PREJUDICE**.

2. Defendant Tanakron Patrath's motion to appoint counsel (Doc. No. [2481]) is respectfully **DENIED**.

Dated: September 25, 2025          s/Donovan W. Frank
                                   DONOVAN W. FRANK
                                   United States District Judge